# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist RYAN J. OFFUTT**
**United States Army, Appellant**

ARMY 20120804

Headquarters, XVIII Airborne Corps and Fort Bragg
G. Brett Batdorff and Michael J. Hargis, Military Judges
Colonel Paul S. Wilson, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Lieutenant Colonel Jonathan R. Potter; Captain Aaron R. Inkenbrandt (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Daniel M. Goldberg, JA (on brief).

22 October 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TELLITOCCI, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failure to obey a lawful general regulation and maltreatment of a subordinate (two specifications), in violation of Articles 92 and 93, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 892 and 893. The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises two assignments of error. One assignment of error warrants discussion and relief, in turn leaving the other assignment of error moot.[1]

---

[1] Appellant also personally raises issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merit discussion or relief.

**BACKGROUND**

While deployed to Afghanistan in 2011, appellant was assigned to a platoon-sized element stationed at Combat Outpost (COP) Palace in Zangabad. In August of 2011, Private (PV2) DC arrived at COP Palace. From the start, PV2 DC struggled with his duties and, as a result, the more senior soldiers in the unit, including the appellant, began to subject PV2 DC to abusive and degrading treatment.

The providence inquiry clearly detailed that the abusive activities that formed the basis for the Article 92 conviction (Charge I, Specification 2)[2] were, in part, the same instances of misconduct for which appellant was convicted of maltreatment under Article 93. During the colloquy with the military judge for the Article 92 violation, the appellant admitted that he was guilty of the offense because he engaged in cruel and abusive conduct by directing racially disparaging language at PV2 DC, by physically prodding, kicking, and dragging PV2 DC, by throwing rocks at PV2 DC, and by forcing PV2 DC to engage in excessive exercises, low crawling, and other unnecessary and unjustified conduct.

Appellant was convicted of the two maltreatment specifications by directing racially disparaging language at PV2 DC (Charge II, Specification 1), and by kicking, grabbing, and throwing rocks at PV2 DC (Charge II, Specification 2). This conduct was the exact same conduct that was clearly and specifically included in the colloquy between the military judge and the appellant during their discussion of the hazing offense. The following portion of the colloquy from the beginning of the discussion concerning the maltreatment offense is illustrative:

> Military Judge: Okay. Now you have talked to me about some conduct in relation to the violation of the order. Was there any conduct that you believe constituted maltreatment beyond what we have not discussed – or beyond what we have discussed?
>
> Accused: That's all I remember, sir.
>
> Military Judge: Okay. Well, let's talk about what you did. We talked about how a reasonable person might view certain conduct as it related to AR 600-20. Let's talk about

---

[2] Both specifications of Charge I alleged a violation of Army Reg. 600-20, Army Command Policy, para. 4-20 (Hazing) (18 Mar. 2008) (RAR, 27 Apr. 2010). Specification 1 of Charge I was dismissed after arraignment but before entry of pleas.

all of the conduct that you engaged in that you've told me about.

## DISCUSSION

The record reflects that the conduct forming the basis for the regulatory violation was broader in scope than the more narrowly described misconduct in the maltreatment specifications. It is also clear, however, that when discussing the maltreatment offenses, the military judge repeatedly referred back to the underlying conduct that had already been fully inquired into when he and appellant had previously discussed the regulatory violation.

In short, appellant now stands convicted for failing to obey Army Regulation 600-20's proscription against "hazing," as well as two counts of maltreating a subordinate by subjecting that subordinate to the very same conduct.

Appellant, in his first assignment of error, contends the three specifications are an unreasonable multiplication of charges. Appellant requests that we set aside and dismiss the findings of guilty to the Article 93 offenses (Specifications 1 and 2 of Charge II, and Charge II).[3]

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." Rule for Courts-Martial 307(c)(4). We consider five factors to determine whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase [the] appellant's punitive exposure?; and

---

[3] Appellant's second assignment of error alleges that, under the facts of this case, Article 93 precludes prosecution for a violation of 600-20's hazing policy. This assignment of error is mooted by our resolution of the first issue.

3

> (5) Is there any evidence of prosecutorial overreaching or
> abuse in the drafting of the charges?

*United States v. Quiroz*, 55 M.J. 334, 338 (C.A.A.F. 2001) (internal citation and quotation marks omitted).  .

We agree with appellant that he suffered an unreasonable multiplication of charges.  The Article 92, UCMJ, charge sought to punish appellant for violating a general regulation prohibiting the same conduct for which he was also convicted under Article 93.  "Congress never intended this multiplication of offenses." *United States v. Curry*, 28 M.J. 419, 424 (C.M.A 1989).  Factors three and four favor the appellant.  *See United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (noting one or more factors may be sufficiently compelling, without more, to warrant relief).  Accordingly, we will dismiss the specific maltreatment offenses as an unreasonable multiplication of charges with the broader disobedience offense.

## CONCLUSION

On consideration of the entire record and the assigned errors, the findings of guilty of Specifications 1 and 2 of Charge II and Charge II are set aside and those specifications and that charge are dismissed.  We AFFIRM the remaining findings of Guilty.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case, and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence.  Second, appellant pleaded guilty in a judge-alone, general court-martial.  Third, we find the nature of the remaining offenses captures the gravamen of the original specifications, and the circumstances surrounding appellant's conduct remain admissible with respect to the remaining offense.  Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the noted error and the entire record, we affirm only so much of the approved sentence as provides for a bad-conduct discharge and reduction to the grade of E-1.  We find this reassessed sentence is not only purged of any error but is also appropriate.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision are ordered restored.  *See* UCMJ arts. 58b(c) and 75(a).

OFFUTT—ARMY 20120804

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court

5